**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATHEW HOVIOUS<br><br>　　　　Defendant. | Case No.  3:24-cr-00029-ART-CLB<br><br>**ORDER APPROVING**<br><br>**DISCOVERY STIPULATION**<br>(First Request) |

　　　IT IS HEREBY STIPULATED AND AGREED, by and between Federal Public Defender Rene L. Valladares, Assistant Federal Public Defender SEAN A. MCCLELLAND, counsel for MATHEW HOVIOUS, United States Attorney Jason M. Frierson, and Assistant United States Attorney RANDOLPH J. ST. CLAIR, counsel for the United States of America, that the parties have agreed on the enclosed discovery deadlines.

　　　**Purpose.** The purpose of this stipulation is to expedite the transfer of discoverable material in criminal cases, ensure that delayed discovery and disclosures do not infringe on a Defendant's right to a speedy trial or the timely filing of dispositive motions. It is the intent of the court to encourage complete and open discovery consistent with applicable statutes, case law, and rules of the court at the earliest practicable time. Continuances may be required in any event but delays in providing discovery should not alone necessitate the continuance of motion

deadlines and trial dates. Nothing in this should be construed as a limitation on the court's authority to order additional discovery.

**Initial Disclosures.** Unless otherwise advised, the Defendant requests information pursuant to Fed. R. Crim. P. 16(a).

**Meet and Confer.** Pursuant to Fed. R. Crim. P. 16.1(a) the parties must meet and confer no later than seven (7) days after arraignment and try to agree on the scope, timing, and method of pretrial disclosure of discovery. The parties shall file with the Court within 30-days a stipulation that sets deadlines by which time the government will:

| Action | Deadline/s |
|---|---|
| Disclose all discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) | 60 days before trial |
| Provide expert witness disclosures consistent with Federal Rule of Criminal Procedure 16(a)(1)(G) | Case in Chief: 60 days before trial<br><br>Rebuttal: 30 days before trial |
| Disclose Confidential Informants' identities (if applicable) | 60 days before trial |
| Disclose all information within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny without regard to materiality within the government's actual or constructive possession | 1/2/2025<br><br>15 days prior to pretrial motions |
| Disclose all responsive information within the scope of Federal Rule of Criminal Procedure 12.1; 12.2; 12.3 (if applicable) | 30 days before trial |

The defense will:

| Action | Deadline/s |
|---|---|
| Provide expert witness disclosures consistent with Federal Rule of Criminal Procedure 16(b)(1)(C) | 45 days before trial |
| File written notice of an alibi defense, insanity defense, expert evidence of a mental condition, or public authority defense consistent with Federal Rule of Criminal Procedure 12.1; 12.2 and 12.3 | 60 days before trial |

**Jencks Act materials.** Jencks Act materials and witnesses' statements shall be provided as required by Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500. However, the government and, where applicable, the Defendant are encouraged to make such materials and statements available to the other party sufficiently in advance of trial as to avoid any delays or interruptions.

**Rough notes.** The government shall advise all government agents and officers involved in the action to preserve all rough notes.

**Defendant's Disclosure.** Absent defendant's election not to receive discovery from the government, it is presumed the government requests discovery pursuant to Rule 16(b). The Court recognizes that the defense's disclosure obligations under Federal Rule of Criminal Procedure 16(b)(1)(A), (B) are restricted to what the defendant intends to use in its case in chief in trial. As such, discovery the defense is required to produce may depend upon the evidence and testimony adduced during the government's case in chief, but the Court encourages disclosure in a manner that minimizes delays or interruptions.

**Notices.** The government is encouraged to provide notice pursuant to Federal Rules of Evidence 404(b) and 609 at the earliest practicable time in a manner that minimizes delays or interruptions.

**Continuing duty to disclose.** If at any time a party identifies or obtains additional evidence not previously disclosed which is subject to discovery or inspection under this standing order, or any other applicable statutes, case law, and rules of the court such party shall promptly disclose its existence.

This is the first stipulation of discovery filed herein.

DATED this 24th day of September, 2024.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| */s/ Sean A. McClelland*<br>By:_____<br>SEAN A. MCCLELLAND<br>Assistant Federal Public Defender<br>Counsel for Mathew Hovious | */s/ Randolph J. St. Clair*<br>By:_____<br>RANDOLPH J. ST. CLAIR<br>Assistant United States Attorney<br>Counsel for United States |

**IT IS SO ORDERED**
this 25th day of September, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4